# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| JUAN ALVAREZ, JR., | : | CIVIL ACTION NO. |
| Plaintiff, | : | 2:09-CV-0004-RWS |
| | : | |
| v. | : | |
| LT. MICH TAYLOR; et al., | : | PRISONER CIVIL RIGHTS |
| Defendants. | : | 42 U.S.C. § 1983 |

## ORDER

Plaintiff, Juan Alvarez Jr., a Georgia prisoner, has submitted the instant pro se civil rights action. This matter is before the Court on Plaintiff's motions to add parties [Docs. 31, 35, and 37], to request relevant discovery [Docs. 32 and 36], and to press charges of excessive force [Doc. 38] and Defendants' motion to compel discovery [Doc. 40].

## I. Background

In this civil rights action, Plaintiff sues the Hall County Sheriff's Department, Hall County Sheriff Steve Cronic, and the following Jail officials: Lieutenant Mich Taylor, Deputy Jeremy D. Orme, Deputy Chad Suttles, Sergeant Shane Presgraves, and Dr. Linwood Zoller, III. Plaintiff alleges the following facts:

(1) Defendants Taylor, Orme, Suttles, and Presgraves used excessive and brutal force against Plaintiff during the course of his arrest;

> (2) upon Plaintiff's arrival at the Jail, no prison official responded to Plaintiff's repeated requests for medical attention for alleged injuries suffered in connection with his arrest;
> 
> (3) along with suffering from excruciating pain, Plaintiff indicates that his serious injuries were exacerbated by the failure to provide him with prompt medical attention;
> 
> (4) after Dr. Zoller finally referred Plaintiff to the "outside," Plaintiff learned that he was "suffering from all kinds of bulging discs and rupture [sic] discs;" and
> 
> (5) Dr. Zoller has further refused Plaintiff's requests for medical attention based on Plaintiff's continuous pain following a procedure performed by an "outside" doctor.

[Doc. 1 at 3-10]. Based on these allegations, Plaintiff asserts claims of excessive force and deliberate indifference to his serious medical needs.

By Order entered on March 5, 2009, this Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and allowed his excessive force and deliberate indifference claims to proceed. [Doc. 6 at 4-6]. In that Order, this Court dismissed the Hall County Sheriff's Department and Sheriff Cronic from this action. [Id. at 2-3, 6].

## II. Discussion

### A. Motions to add parties

Plaintiff has filed three motions seeking to add several new defendants to this action. [Docs. 31, 35, and 37]. Specifically, in connection with his excessive force and deliberate indifference claims, Plaintiff seeks to add Former Deputy William Lee,

Deputy Josh Miller, Lieutenant Seymour, Sergeant Pharr, Lieutenant Chris McNeal, Sergeant Ayers, Sergeant Owenby, and Nurse Wendy Brown. [Id.].

For meritorious claims, Federal Rule of Civil Procedure 15(a) requires that leave to file an amended complaint be freely given when justice so requires. In connection with these motions, however, Plaintiff fails to provide any specific allegations as to what these defendants actually did wrong and how they contributed to Plaintiff's injuries. For instance, Plaintiff alleges in a conclusory manner that Former Deputy Lee and Deputy Miller had knowledge of Plaintiff's arrest and were, therefore, involved in the brutal attack. [See Doc. 35 at 1-2]. Furthermore, Plaintiff merely alleges that Lieutenant Seymour and Sergeant Pharr searched him and that Plaintiff asked Lieutenant McNeal, Sergeant Ayers, Sergeant Ownby, and Nurse Wendy Brown "for medical pleas." [Doc. 37 at 1].

This Court finds that the factual allegations contained in Plaintiff's motions are insufficient to state claims of excessive force or deliberate indifference against the new defendants. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). See also Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1953 (2009) (holding that Twombly

"expounded the pleading standard for all civil actions," to wit, conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible") (internal quotations omitted). Accordingly, Plaintiff's motions to add several new defendants [Docs. 31, 35, and 37] are **DENIED**.

In due deference to Plaintiff's pro se status, this Court will allow Plaintiff additional time to file one consolidated motion to amend his complaint by setting forth sufficient facts to support Plaintiff's excessive force and deliberate indifference claims against any new defendant. In connection with this motion, Plaintiff is directed not to include any defendants against whom Plaintiff cannot set forth a meritorious factual claim of excessive force and deliberate indifference.

### B. Discovery motions

Plaintiff has filed two motions seeking to obtain the following discovery materials: (1) "copy of all relevant discovery documentation . . . from all defendants that pertain to" this action; (2) "copy of all relevant discovery documentation and surveillance footage . . . that pertain to" this action; and (3) the Hall County Detention Center's surveillance footage video from 2:00 a.m. November 10, 2007, through 2:00 a.m. the next day. [Docs. 32 and 36]. Defendants have filed a motion to compel

responses to interrogatories and requests for production of documents previously served on Plaintiff. [Doc. 40]. A prisoner petition alleging civil rights violations is assigned to a 0-month discovery track and requires leave of Court to pursue discovery. See LR, NDGa. at Appendix F. Neither party has previously sought leave of Court to pursue discovery. The Court will treat the pending discovery motions as requests for leave to pursue discovery and will grant the same. The parties may engage in discovery for a period of ninety (90) days following the entry of this Order. Plaintiff shall serve responses to the discovery already served upon him within thirty (30) days of the entry of this Order. Defendants shall respond to Plaintiff's request for surveillance video within thirty (30) days of the entry of this Order. Plaintiffs other discovery requests are overbroad and vague. As to Plaintiff's other discovery requests, Plaintiff will be required to re-serve the discovery requests on Defendants and is reminded that his requests must be in compliance with the Federal Rules of Civil Procedure. The parties are not required to file their discovery requests with this Court. See L.R. 26.3A (N.D. Ga.).

Based on the foregoing, the discovery motions [Docs. 32, 36, and 40] are treated as requests for leave to pursue discovery and, as such, are granted.

AO 72A
(Rev.8/82)

### C. Motion to Press Charges

Plaintiff asks this Court to press criminal charges on various defendants who allegedly used excessive force and caused "mayhem" against Plaintiff. [Doc. 38 at 1]. Plaintiff, as a private citizen, cannot seek to commence criminal proceedings on his own. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (recognizing that a "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another"). Furthermore, the decision as to whether to prosecute a particular criminal case is in the discretion of the prosecutorial authority. Otero v. U.S. Atty. Gen., 832 F.3d 141 (11th Cir. 1987). Because this Court lacks authority to bring the requested criminal charges, Plaintiff's motion to press charges [Doc. 38] is denied.

## III. Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motions to add parties [Docs. 31, 35, and 37] and to press charges of excessive force [Doc. 38] are **DENIED**. Plaintiff's motions for discovery and Defendants' motion to compel [Docs. 32, 36, and 40] are treated as motions for leave to pursue discovery and are **GRANTED**.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to amend his complaint, he shall have thirty (30) days from the entry date of this Order to submit a consolidated motion to amend complaint along with a proposed amended complaint setting forth

6

sufficient facts to support Plaintiff's claims against any new defendants. In this motion and attached amended complaint, Plaintiff must: (1) set forth sufficient facts to support his excessive force and deliberate indifference claims against any new defendants; (2) not include any defendants against whom Plaintiff cannot set forth meritorious factual claims; and (3) only include allegations against the new defendants that specifically relate to his excessive force and deliberate indifference claims.

**IT IS FURTHER ORDERED** that, in light of the rulings discussed above, the parties shall have an additional ninety (90) days from the entry date of this Order to complete discovery. All summary judgment motions must be filed in this Court within THIRTY (30) days after the close of discovery.

**IT IS SO ORDERED**, this  30th  day of September, 2009.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)