**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JUAN ALVAREZ, JR., | : | CIVIL ACTION NO. |
| Plaintiff, | : | 2:09-CV-0004-RWS |
| | : | |
| v. | : | |
| LT. MICH TAYLOR; et al., | : | PRISONER CIVIL RIGHTS |
| Defendants. | : | 42 U.S.C. § 1983 |

**ORDER**

Plaintiff, Juan Alvarez Jr., a Georgia prisoner, has submitted the instant pro se

civil rights action. This matter is before the Court on Plaintiff's motion to add parties

[Doc. 50] and motions to compel discovery [Docs. 51, 52, 53, 54, 55 and 56].

## I.    Background

In this civil rights action, Plaintiff sues the Hall County Sheriff's Department,

Hall County Sheriff Steve Cronic, and the following Jail officials: Lieutenant Mich

Taylor, Deputy Jeremy D. Orme, Deputy Chad Suttles, Sergeant Shane Presgraves, and

Dr. Zoller Linwood, III. Plaintiff alleges the following facts:

(1)    Defendants Taylor, Orme, Suttles, and Presgraves used excessive
and brutal force against Plaintiff during the course of his arrest;

(2)    upon Plaintiff's arrival at the Jail, no prison official responded to
Plaintiff's repeated requests for medical attention for alleged
injuries suffered in connection with his arrest;

(3)     along with suffering from excruciating pain, Plaintiff indicates that his serious injuries were exacerbated by the failure to provide him with prompt medical attention;

(4)     after Dr. Linwood finally referred Plaintiff to the "outside," Plaintiff learned that he was "suffering from all kinds of bulging discs and rupture [sic] discs;" and

(5)     Dr. Linwood has further refused Plaintiff's requests for medical attention based on Plaintiff's continuous pain following a procedure performed by an "outside" doctor.

[Doc. 1 at 3-10]. Based on these allegations, Plaintiff asserts claims of excessive force and deliberate indifference to his serious medical needs.

By Order entered on March 5, 2009, this Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and allowed his excessive force and deliberate indifference claims to proceed. [Doc. 6 at 4-6]. In that Order, this Court dismissed the Hall County Sheriff's Department and Sheriff Cronic from this action. [Id. at 2-3, 6].

II.     **Discussion**

A.      **Motion to add parties**

In his motion to add parties, Plaintiff seeks to add Officers William Lee and Josh Miller with respect to his excessive force and deliberate indifference claims. [Doc. 50]. This Court construes Plaintiff's motion as one seeking to amend his complaint.

2

For meritorious claims, Federal Rule of Civil Procedure 15(a) requires that leave to file an amended complaint be freely given when justice so requires. Courts may deny leave to amend because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

In his present motion, Plaintiff fails to provide any specific allegations as to what Officers Lee and Miller actually did wrong and how they contributed to Plaintiff's injuries. Indeed, Plaintiff merely alleges that these officers "were present and on scene during the entirety of the November 10, 2007 incident." [Doc. 50 at 1]. Such allegation is insufficient to state a claim of either excessive force or deliberate indifference against Officers Lee and Miller. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). Accordingly, Plaintiff's motion to add parties, construed as a motion to amend complaint [Doc. 50], is **DENIED** as futile.

AO 72A
(Rev.8/82)

## B.  Discovery motions

Plaintiff has filed six motions seeking to compel Defendants to respond to certain discovery requests.  [See Docs. 51, 52, 53, 54, 55, and 56].  Defendants are treating Plaintiff's motions as discovery requests and are providing responses thereto. (Consolidated Resp. [66] at 4.)  The Court authorizes Defendants to proceed in this manner.  Plaintiff is not required to file a motion for discovery.  He should simply serve his discovery requests on the party from whom he seeks a response.  Becausse Defendants are treating the motions as requests for discovery and because the motions are not required,  Plaintiff's motions to compel discovery [Docs. 51, 52, 53, 54, 55, and 56] are **DENIED**.

## III.  Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion to add parties, construed as a motion to amend complaint [Doc. 50] and motions to compel discovery [Docs. 51, 52, 53, 54, 55, and 56] are **DENIED**.

**IT IS SO ORDERED**, this  8th  day of December, 2009.


**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)